Per Curiam.

The question for determination is whether the phrase, “most populous county of such district,” as used in Section 3513.05, Revised Code, above quoted, refers to a county wholly situated in the district or to a county not wholly situated in the district, where the portion in the district is most populous.
The phrase in question formerly read, “most populous county in the district” (Section 4785-70, General Code, 114 Ohio Laws, 679, 689). In 1947 (122 Ohio Laws, 103, 111), the words, *‘in the,’’ were changed to “of such.’’ This change in wording creates a presumption that the General Assembly intended by the amendment to change the meaning. Therefore, the word, “of,” can not be construed to mean “in.” As defined in Webster’s New International Dictionary (2 Ed.), “in” denotes “situation or position with respect to a surrounding encompassment, or enclosure.” “Of” is defined “in the most general sense: proceeding from; belonging to; relating to-, connected with.”
Since the General Assembly, by Section 3521.01, Revised Code, has placed the major portion of Trumbull County in the Eleventh Congressional District, that county “belongs to,” “relates to” or is “connected with” that district.
Therefore, it being conceded by relators that the portion of Trumbull County located in the eleventh district is more populous than any of the other four counties included in the district, Trumbull County is the most populous county “of” the district, and relators, by tendering their petitions to the Board of Elections of Ashtabula County, have failed to comply with the statutory requirement.
The demurrer to the petition is sustained and the writ is denied.

Writ denied.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.